1  STEVEN A. NIELSEN, CALIFORNIA STATE BAR NO. 133864
2  (STEVE@NIELSENPATENTS.COM)
   100 LARKSPUR LANDING CIRCLE, SUITE 216
3  LARKSPUR, CA 94939-1743
4  TELEPHONE: (415) 272-8210
   FACSIMILE: (415) 461-2726
5

6  Attorneys for Plaintiff
7  MY NEMESIS, LLC, a California limited liability company

8                    **UNITED STATES DISTRICT COURT**
9                    **NORTHERN DISTRICT OF CALIFORNIA**

10                      **SAN FRANCISCO DIVISION**

11                                            **PATENT**

12  MY NEMESIS, LLC, a California  limited
    liability company,                        Case No.
13          Plaintiff,                        **COMPLAINT FORJUDGMENT OF**
                                              **INFRINGEMENT OF PATENT**
14          vs.                               **8,055,004 AND FOR TEMPORARY**
                                              **AND PERMANENT INJUNCTIONS**
15
                                              **DEMAND FOR JURY TRIAL**
16  Turtle Beach Corporation, a Nevada
    domestic corporation, and Does 1 to 100;
17          Defendants.

18          MY NEMESIS, LLC, herein after referred as ("MY NEMESIS") a California

19  limited liability company, by its undersigned attorney, for its Complaint ("Complaint")
20
21  against Turtle Beach Corporation, hereinafter referred as ("TBC")  a  Nevada domestic

22  corporation, and Does 1 to 100, alleges on personal knowledge as to its own acts and

23  on information and belief as to the actions of others, as follows:

24                              <u>**THE PARTIES**</u>
25
26     1. Plaintiff MY NEMESIS, LLC is a limited liability company registered at California

27        and located at 334 Santana Row, Suite 342, San Jose, CA 95128.

28

2. Upon information and belief, the Defendant Turtle Beach Corporation is a Nevada Domestic Corporation with NV Business ID as NV20101413903 which has its principal place of business located at 701 S Carson Street, Suite 200, Carson City, NV 89701 and is headquartered in California at 12220 Scripps Summit Drive, Suite 100 San Diego, CA 92131.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. Upon information and belief, TBC is subject to personal jurisdiction by this Court. TBC has committed such purposeful acts and/or transactions in the State of California that it reasonably knew and/or expected that it could be hailed into a California court as a consequence of such activity. TBC makes, uses, and/or sells infringing products within the Northern District of California and has a continuing presence and the requisite minimum contacts with the Northern District of California, such that this venue is a fair and reasonable one.

5. Upon information and belief, TBC has transacted and, at the time of the filing of this Complaint, is continuing to transact business within the Northern District of California.

6. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) because a substantial part of the events giving rise to claims occurred in the Northern District of California.

## BACKGROUND

COMPLAINT FOR PATENT INFRINGEMENT AND JURY DEMAND

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

7. On November 8, 2011 United States Patent No. 8,055,004 ("the '004 patent") entitled "FIBER OPTIC EARPIECE TO REDUCE RADLATION TRANSMITTED TO A CELL PHONE USER" was duly and legally issued to the inventors and Amit J. Ronen and Alon Konchitsky. (Exhibit A, the '004 Patent)

8. MY NEMESIS, the Plaintiff acquired ownership interest of the said '004 patent from the inventors/assignors Admit J. Ronen and Alon Konchitsky. The Plaintiff is the owner of any and all rights, title and interest over the '004 patent (patent-in-suit). (Exhibit B – U.S. Patent Assignments)

9. The '004 patent pertains to wireless phone technology. More particularly, the invention relates to a protective, radiation free earpiece to protect the user from RF energy radiation emanating from a phone apparatus and to provide an enhanced, high-quality communication signal between the cell phone and an earpiece. Claimed embodiments include an earpiece using optical fiber that shields the human brain from radio frequency radiation generated by wireless phones and similar radio devices. Claimed embodiments prevent unwanted exposure to potentially harmful radiation and provide an enhanced communication path between a cell phone and ear-piece.

10. According to 35 U.S.C. 154(a)(1), ownership of a patent gives the patent owner the right to exclude others from making, using, offering for sale, selling, or importing into the United States the invention claimed in the patent. Therefore the Plaintiff in this instant action has the right to exclude others from manufacturing, selling, using and importing the claimed devices and methods in United States of U.S. patent 8,055,004 ("the '004 patent", or "patent-in-suit").

COMPLAINT FOR PATENT INFRINGEMENT AND JURY DEMAND

11. Defendant TBC is an audio technology company with expertise and experience in commercializing, and marketing products across a range of markets. Defendant is a worldwide provider of headsets for use across multiple platforms, including video game and entertainment consoles, handheld consoles, personal computers, tablets and mobile devices.

12. One of the products of the Defendant TBC is sometimes sold as "Turtlebeach's XP510" (hereinafter referred as "the infringing product") through ecommerce websites and through Defendant TBC's own Online Shopping portal to many countries including the United States.

13. The infringing product is purported and or advertised to provide various features such as an audio advantage with interference-free, Dual-Band Wi-Fi Wireless and Dual-Stage Audio Processing for immersive Dolby Digital Surround Sound. The infringing product is further advertised to stream music to a user's headset via Bluetooth, to enjoy theater audio with the new movie preset and allows taking a user's headset anywhere connected to user's phone, tablet or portable game system. The infringing product uses a rechargeable battery.

14. The infringing product is advertised to have a Standard USB Port, 20Hz - 20kHz Speaker Frequency Response, Compatible with Mobile Devices, Rechargeable Headset Power and Rechargeable Battery with 15 hours life, Bluetooth/2.5mm jack (Xbox 360) Console Chat Connection, Digital Signal Processor for EQ Presets, Master and Mic Monitor Volume Controls with Audio Mute functionality, auto shut down 10 minutes after no signal, 50mm speakers, 2.4/5GHz Digital Wireless Carrier Transmission, Removable Microphone Design, Fabric Earpads

COMPLAINT FOR PATENT INFRINGEMENT AND JURY DEMAND

with Foam Cushioning, 2.5mm to 3.5mm stereo cable Mobile Device
Connection, Over Ear Earcup Design, 2.5mm jack to controller, Xbox 360 Chat
Connection, PS3 Mic Connection based on Bluetooth, Console with Xbox One,
PS4, Xbox 360, PS3, Mobile, Optical Output, and USB Transmitter Power.

15. According to the Defendant's advisements and marketing literature, the
infringing product's USB Transmitter Power comes with 30ft Wireless Range, 3ft
Cable Length, Surround Sound Processing, Bluetooth/2.5mm jack (Xbox 360),
RF/w Channel-hopping, 2.5mm jack for Xbox 360 Chat, Amplified Power, 5.1
Dolby Surround Sound for Audio output, and Optical Audio, Bluetooth, 3.5mm
stereo (Mobile) for Audio input.

16. Defendant's infringements specifically pertain to Claim 1 of the '004 patent.
Defendant used a copy cat approach in manufacturing the infringing product
using the features claimed in the '004 patent and to give an impression of a
new product sometimes called "Turtlebeach's XP510."

17. The infringing product adopts a removable microphone assembly and an
earpiece assembly wherein the microphone assembly receives an analog sound
signal with a pitch shifter acting as a parallel to serial converter for the
microphone along with a signal processing unit which is used to convert a serial
to parallel data converter. Thus, the infringing product comprises a detachable
microphone assembly, a pitch shifter and a signal processing unit for the usage
similar to the claim limitations of the '004 patent.

COMPLAINT FOR PATENT INFRINGEMENT AND JURY
DEMAND

18. Below are the screenshots of the infringing product and the accompanying process that comprises a microphone assembly (red rectangle) used with an earpiece assembly (green rectangle) wherein the microphone is used to receive analog sound signal:



XP510 Headset

FIG. 1



FIG. 2

19. Below is the screenshot of the infringing product comprising a pitch shifter used as a parallel to serial converter similar to the claim limitations of the '004 patent:

COMPLAINT FOR PATENT INFRINGEMENT AND JURY
DEMAND

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



FIG. 3

20. Below is the screenshot of the infringing product comprising a signal processing
unit that acts as a serial to parallel converter similar to the claim limitations of
the '004 patent:



FIG. 4

21. The infringing product further includes an action enhancer that amplifies intense
sounds from weapons and explosions, a voice amp that amplifies chat volume, a
ring modulator that acts as optical modulator, and a volume limiter comprising a
secondary memory chip which is used to store preset instructions. These
features are derived from an amplifier, optical modulation, and second memory
chip comprised in the microphone assembly related to the claim limitations of the
'004 patent. The infringing product also comprises a digital to analog conversion
similar to the claims limitations of the '004 patent.

COMPLAINT FOR PATENT INFRINGEMENT AND JURY
DEMAND

22. Below are marketing  screenshots of the infringing product, the infringing product comprising a ring modulator that acts as optical modulator and a volume limiter comprising a secondary memory chip which is used to store preset instructions, all similar to the claim limitations of the '004 patent:



FIG. 5



FIG. 6

23. The infringing product comprises an ALC (analog to digital converter) (as shown in Fig. 7), digital optical cable (as shown in Fig. 8), an optical medium (as shown in Fig. 7), and a signal processing unit comprising a DAC Converter as a means to input a signal into the microphone component of a phone including a memory

COMPLAINT FOR PATENT INFRINGEMENT AND JURY
DEMAND

1
2
3
4
5

chip and a means for demodulation (as shown in Fig. 9).  These features/aspects of the infringing product are similar to the means of optical modulation and conversion mechanisms embodied in the claim limitations of the '004 patent.

6
7
8
9
10
11
12



FIG. 7

13
14
15
16
17
18
19
20
21
22



FIG. 8

23
24
25
26
27
28

COMPLAINT FOR PATENT INFRINGEMENT AND JURY
DEMAND

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



FIG. 9

24. The infringing product does not emit RF transmission as the Exposure Information of the infringing product states that "No SAR Certificate" is required. It means that the infringing product shields human brain from harmful effect of RF/EM. Since there is no need of a Specific Absorption Rate Certification, it is clear that the infringing product shields human brain from harmful effect of RF/EM similar to the claim limitations of the '004 patent (Exhibit C).

25. The earpiece assembly of the infringing  product comprises a microphone; a means of accepting a Speaker Out signal from a phone; an amplifier; and a speaker similar to the claim limitations of '004 patent as shown below:



FIG. 10

- 10 -

26. The earpiece assembly of the infringing product further includes an analog to optic converter; an optic to analog converter; and a second analog to optic converter similar to the claim limitations of '004 patent along with the other limitations in terms of an optical fiber transmission medium and a connection assembly capable of entering a phone or a microphone in component. The infringing product earpiece assembly also has an optical TOSLINK digital audio input compatible with 48 kHz digital audio stream and S/PDIF Digital Audio optical output systems in line with the claim limitations of '004 patent along with a second optical fiber transmission medium; and a second optic to analog converter as given in the TBC specification as shown below:

**Specifications**
- Audio Connection: Digital Optical
- Headset Power: Rechargeable Battery
- Transmitter Power: USB
- Headset Connection: 2.4/5 GHz
- Dual-Band Wifi Wireless

FIG. 11

27. The patent infringement arising from Defendant's Turtlebeach's XP510 is further delineated in a comparative analysis and diagrammatic representation which maps the Defendant's infringing product to the limitations of claim 1 of the '004 patent. (Exhibit D)

28. Plaintiff My Nemesis, herein by virtue of the ownership granted by the assignor(s) of the '004 patent, claims damages for infringement for the reason that the Defendant has not acquired any consent/license/assignment/ownership of the '004 patent.

COMPLAINT FOR PATENT INFRINGEMENT AND JURY DEMAND

**<u>Cause of Action</u>**

**(Claim for Patent Infringement against TBC)**

29. Plaintiff hereby restates and re-alleges the allegations set forth in the above paragraphs and incorporates them by reference.

30. My Nemesis is the owner of the '004 patent with the exclusive right to enforce the '004 patent against infringers, recover for past, present, future infringements, violations thereof and collect damages for all relevant times, including the right to prosecute this action.

31. My Nemesis is informed and believes, and based thereon alleges, that TBC has made, used, offered to sell, and/or sold within the United States, and/or imported into the United States the infringing product that infringe the claims of the '004 patent, literally and/or under the doctrine of equivalents, in violation of statutory rights of the plaintiff My Nemesis.

32. My Nemesis is informed and believes, and based thereon alleges, that Defendant TBC was aware of the '004 patent at the time it engaged in its directly and indirectly infringing activities and, in any event, was aware of the '004 patent at least as early as the service date of this complaint.

33. Moreover, on information and belief, the Defendant TBC manufactured, sold and/or offered for sale and/or imported the infringing product, Turtlebeach's XP510, and is continuing to do so, to customers and others knowing the same to infringe the '004 patent, and, through its marketing, packaging, product literature,

COMPLAINT FOR PATENT INFRINGEMENT AND JURY DEMAND

user manuals, technical support, and other published and electronic materials and resources related to the infringing product Turtlebeach's XP510, actively encouraged and specifically intended its customers and others to use the Turtlebeach's XP510, in the United States in a manner that TBC knew to be infringing, and such customers and others actually directly infringed the '004 patent.

34. As a result of TBC's unlawful infringement of the '004 patent, My Nemesis has suffered and will continue to suffer damage. My Nemesis is entitled to recover from Defendant TBC, the damages adequate to compensate for such infringement, which have yet to be determined.

35. Upon information and belief, Defendant TBC has acted and is continuing to act despite an objectively high likelihood that its actions constituted direct and/or indirect infringement of a valid patent, and, on information and belief, TBC knew or should have known of that objectively high risk.

36. TBC's acts herein constitute willful and deliberate infringement, entitling My Nemesis to enhanced damages under 35 U.S.C. § 284 and reasonable attorney fees and costs. TBC's acts of infringement of the '004 patent herein have been made, and/or are being made at the time of service of this complaint, with full knowledge about the rights of My Nemesis in the patent.

37. TBC's acts of infringement have caused and will continue to cause irreparable harm to My Nemesis unless and until enjoined by this Court.

COMPLAINT FOR PATENT INFRINGEMENT AND JURY DEMAND

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, MY NEMESIS requests that the Court enter judgment in its favor and against TBC on its Complaint with prejudice as follows:

A.    That TBC be held to have infringed upon the '004 patent.

B.    That a temporary and permanent injunction be granted pursuant to 35 U.S.C. § 283, enjoining TBC, and each of its agents, servants, employees, principals, officers, attorneys, successors, assignees, and all those in active concert or participation with TBC, including related individuals and entities, customers, representatives, OEMs, dealers, and distributors from further acts of (1) infringement, (2) contributory infringement, and (3) active inducement to infringe with respect to the claims of the '004 patent.

C.    That TBC, its subsidiaries, affiliates, parents, successors, assigns, officers, agents, servants, employees, attorneys, and all persons acting in concert or in participation with them, or any of them, be temporarily and preliminarily enjoined during the pendency of this action, and permanently enjoined thereafter from infringing, contributing to the infringement of, and inducing infringement of the '004 patent, and specifically from directly or indirectly making, using, selling, or offering for sale, any products or services embodying the inventions of the '004 patent during the life of the claims of the '004 patent, without the express written authority of My Nemesis.

- 14 -

COMPLAINT FOR PATENT INFRINGEMENT AND JURY DEMAND

D.    That TBC be directed to fully compensate My Nemesis for all damages attributable to TBC's infringement of the '004 patent in an amount according to proof at trial.

E.    That this case be deemed exceptional.

F.    That all damages awarded be trebled.

G.    That TBC be ordered to deliver to MY NEMESIS, for destruction of all products that infringe the '004 patent, at My Nemesis' option.

H.    That TBC be required to account for all gains, profits, advantages, and unjust enrichment derived from its violation of law.

I.    That MY NEMESIS, be awarded reasonable attorneys fees.

J.    That MY NEMESIS, be awarded the costs of suit and an assessment of interest.

K.    That MY NEMESIS have such other, further and different relief as the Court deems proper.

DATED:  April 14, 2017          By   /s/ Steven A. Nielsen
                                     Steven A. Nielsen
                                     Attorneys for Plaintiff

                                     MY NEMESIS, LLC, a California limited liability company

COMPLAINT FOR PATENT INFRINGEMENT AND JURY DEMAND

1
2

### JURY DEMAND

3

Pursuant to Fed.R. Civ. P. 38(b), MY NEMESIS, LLC demands a trial by jury of

4

all issues triable of right by jury.

5
6
7

By   <u>/s/ Steven A. Nielsen</u>

8

Steven A. Nielsen

9

Attorneys for Plaintiff

10
11

MY NEMESIS, LLC, a California limited liability company

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28